# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JENNIFER FRANCES | ) | Case No: 14 C 00288 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | ) | |

## ORDER

The defendant Federal National Mortgage Association's motion to dismiss [7] is granted. This case is dismissed in its entirety and terminated.

## STATEMENT

Plaintiff Jennifer Frances ("Frances") filed a three-count complaint against the Federal National Mortgage Association ("Fannie Mae") seeking damages arising from an alleged wrongful foreclosure of her home. She also alleges fraudulent misrepresentation and deceptive business practices by Fannie Mae in connection with the state court foreclosure action. Fannie Mae has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The jurisdictional challenge is premised on the *Rooker-Feldman* doctrine, which recognizes that federal district courts lack jurisdiction to review state court judgments. The Court concludes that the doctrine applies and the complaint must therefore be dismissed for lack of subject matter jurisdiction.

Prior to foreclosure, Frances was the owner and occupant of a single family home at 8537 South Aberdeen Street, Chicago, Illinois 60620.[1] Compl. ¶ 19. On January 13, 2012, Fannie Mae filed a complaint to foreclose mortgage in the Circuit Court of Cook County, alleging that Frances failed to pay installments from September 2011 through at least January 2012. Dkt. 8-1

---

[1] The following facts are derived from the allegations in Frances' complaint; these facts are presumed to be true for the purpose of resolving the pending motion to dismiss. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). On a motion to dismiss under Rule 12(b)(1), the Court accepts "as true all facts alleged in the well-pleaded complaint and draw[s] all reasonable inferences in favor of the plaintiff." *Scanlan v. Eisenberg,* 669 F.3d 838, 841 (7th Cir.2012). With respect to subject matter jurisdiction, however, the Court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Long v. Shorebank Devel. Corp.,* 182 F.3d 548, 554 (7th Cir.1999) (citing *Capitol Leasing Co. v. Fed. Deposit Ins. Co.,* 999 F.2d 188, 191 (7th Cir.1993)).

at 2, 3 (¶ J). On September 10, 2013, the court entered summary judgment and a judgment of foreclosure and sale. *Id.* at 40. The property was then sold at a public auction on December 12, 2013 to Fannie Mae, which was the highest bidder. *Id.* at 47. On February 27, 2014, the court entered an order approving the report of sale and distribution and confirming the sale and order of possession. *Id.* at 50-51.

Invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332,[2] Frances filed a complaint in federal court on January 15, 2014, between the dates of the public auction and entry of the final order. She alleges that her mortgage was fraudulently assigned to Fannie Mae by the original mortgage holder, Equity Mortgage Corporation, which led to the wrongful foreclosure of her property. Compl. ¶¶ 6, 13, 21, 31, 33. Frances further blames Fannie Mae for not investigating whether the foreclosure was fraudulent, for "falsely and fraudulently represent[ing] themselves to be the owners of the note," for knowing "they did not have the legal standing to foreclose," and for engaging in deceptive business practices. *Id.* ¶¶ 41, 44, 50-51.

The Court concludes that the *Rooker-Feldman* doctrine bars these claims. The *Rooker–Feldman* doctrine is a jurisdictional bar that prohibits federal district courts from reviewing final state court judgments. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923); *District of Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462, 482 (1983). In practice, the doctrine precludes federal jurisdiction where the alleged injury resulted from a state court judgment itself, *see Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 702 (7th Cir. 1998), and where the federal suit is "inextricably intertwined" with a state court decision "such that success in the federal court would require overturning the state court decision[.]" *Epps v. Creditnet, Inc.,* 320 F.3d 756, 759 (7th Cir. 2003). In this case, Frances complains about the result of the Cook County Circuit Court's judgment (by which her property was foreclosed—in her view, wrongly). The gist of each of Frances' claims—for wrongful foreclosure, fraudulent misrepresentation, and deceptive business practices—is that the judgment of foreclosure entered by the state court was procured by the misconduct, fraud, and deceptive acts of Fannie Mae in the course of that proceeding. All of her claimed damages flow from entry of the foreclosure judgment; she alleges no injury that is independent of the operation of the judgment of foreclosure. As such, her claims in this case would effectively invite this Court to invalidate, or negate, the state court judgment and are therefore barred by *Rooker-Feldman. See, e.g., Taylor v. Federal Nat. Mortg. Ass'n*, 374 F.3d 529, 533-34 (7th Cir. 2004) (allegations that Fannie Mae defrauded the state court during the course of a mortgage foreclosure action held barred by the *Rooker-Feldman* doctrine); *Garry v. Geils*, 82 F.3d 1362, 1368-69 (7th Cir. 1996) (holding claims that defendant obtained condemnation judgment in state court for purposes of political retaliation barred by *Rooker-Feldman* since injury alleged was complete only upon entry of the

---

[2] Frances alleges that the amount in controversy exceeds $75,000. She further alleges that she is a citizen of Illinois and resides in Chicago and that Fannie Mae is not a citizen of Illinois and is incorporated in, and has its principal place of business, "in another state." *See* Compl. (Dkt. 1) ¶¶ 3-5. In fact, Fannie Mae is a citizen of the District of Columbia. 12 U.S.C. § 1717(a)(2)(B).

state court judgment condemning the property).³

Fannie Mae argues in the alternative that Frances' claims are barred by the doctrine of *res judicata*. The Seventh Circuit has repeatedly instructed, however, that "where *Rooker-Feldman* applies, the *res judicata* claim must not be reached." *Geils*, 82 F.3d at 1365. Accordingly, the Court will not take up that alternative ground for dismissal.

Fannie Mae's Motion to Dismiss [7] is granted. Frances' complaint [1] is dismissed in its entirety without prejudice to assessment of the substance of her claims in a court with jurisdiction over them; they cannot proceed here.

Entered: May 20, 2014  _____
John J. Tharp, Jr.
United States District Judge

---

³ Frances did not respond to Fannie Mae's motion to dismiss. She has therefore waived any counter-arguments to Fannie Mae's motion. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court."); *see also Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument … results in waiver").

3